UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AKSHAY ASHOK KERUR,<br><br>                 Plaintiff,<br><br>    v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>                 Defendants. | Case No. 23-cv-01305-VKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Plaintiff Akshay Ashok Kerur brings this action against defendants U.S. Citizenship and Immigration Services ("USCIS"), U.S. Department of Homeland Security ("DHS"), DHS Secretary Alejandro Mayorkas, USCIS Director Ur Mendoza Jaddou, USCIS San Jose Field Office Director James Wyrough, and Attorney General Merrick Garland. Mr. Kerur challenges USCIS's denial of his application for adjustment of status. *See* Dkt. No. 16. He contends that the agency's denial of his application violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), and his rights under the due process clause of the Fifth Amendment. *Id.* ¶¶ 118-142.

Defendants move to dismiss the action for lack of subject matter jurisdiction. Dkt. No. 25. Mr. Kerur opposes the motion. Dkt. No. 27. The Court previously found this motion suitable for decision without oral argument. *See* Dkt. No. 31; Civil L.R. 7-1(b). Upon consideration of the moving papers and the applicable law, the Court grants defendants' motion to dismiss.[1]

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 4, 9.

## I. BACKGROUND

Mr. Kerur is citizen of India who currently resides in the United States under an H-1B nonimmigrant visa. Dkt. No. 16 ¶¶ 9-10. In October of 2020, Mr. Kerur filed a Form I-485, Application to Register Permanent Residence or Adjust Status. *Id.* ¶ 11. In that application, Mr. Kerur asked USCIS to adjust his immigration status from nonimmigrant to lawful permanent resident pursuant to 8 U.S.C. § 1255(a).

USCIS denied Mr. Kerur's application on three separate occasions. *See* Dkt. No. 16 ¶¶ 77, 92, 111; Dkt. No. 16-2 at ECF 97-99 (Ex. P), 189-91 (Ex. T), 196-99 (Ex. V). In its most recent denial it concluded that, while Mr. Kerur was "statutorily eligible for adjustment of status," "discretion should not be exercised in [his] favor." *Id.* at ECF 197 (Ex. V).

## II. LEGAL STANDARD

A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of the plaintiff's complaint. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack"). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The Court construes defendants' motion to dismiss as raising a facial attack on jurisdiction. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack on jurisdiction, the record is limited to the complaint and materials that may be judicially noticed. *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017). Additionally, the Court accepts the well-pled allegations of the complaint as true, draws all reasonable inferences in plaintiff's favor, and determines whether the allegations are sufficient to support jurisdiction. *Id.*

As the party asserting federal subject matter jurisdiction, Mr. Kerur bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. DISCUSSION

Defendants argue that the Court lacks subject matter jurisdiction to review USCIS's denial of his application to adjust status because such review is specifically barred by the jurisdiction-

1  stripping provisions of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B).  Dkt. No.
2  25 at 9-14.  The Court agrees.
3        The APA allows for judicial review of agency action "except to the extent . . . that statutes
4  preclude judicial review [or when] agency action is committed to agency discretion by law."
5  5 U.S.C. §§ 701(a)(1)-(2); *see also Perez Perez v. Wolf*, 943 F.3d 853 (9th Cir. 2019).  Here,
6  8 U.S.C. § 1252(a)(2)(B) precludes judicial review.  That statute provides, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

15  8 U.S.C. § 1252(a)(2)(B).
16        Section 1252(a)(2)(B)(i) "prohibits review of *any* judgment *regarding* the granting of relief
17  under § 1255."  *Patel v. Garland*, 596 U.S. 328, 338 (2022) (emphasis in original).  That
18  prohibition extends to factual findings, *id.* at 339, and applies "regardless of whether the judgment
19  [or] decision . . . is made in removal proceedings," 8 U.S.C. § 1252(a)(2)(B).  Separately,
20  § 1252(a)(2)(B)(ii) prohibits judicial review of "any other decision or action of . . . the Secretary
21  of Homeland Security the authority for which is specified under this subchapter to be in [his]
22  discretion."  *See Kucana v. Holder*, 558 U.S. 233, 247 (2010).
23        Mr. Kerur made his application for adjustment of status pursuant to 8 U.S.C. § 1255.
24  Judicial review of USCIS's final decision denying his application is precluded under both
25  subsections of § 1252(a)(2)(B).  First, § 1255 is among the statutory provisions specifically
26  encompassed by § 1252(a)(2)(B)(i), and USCIS's decision is a "judgment regarding the granting
27  of relief" under § 1255.  *See Patel*, 596 U.S. at 338-39 (construing statutory text).  Second, the
28  decision to grant adjustment of status pursuant to § 1255 is, by statute, committed to the discretion

of immigration authorities. *See* 8 U.S.C. § 1255(a) ("The status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence.");[2] *see also Kucana*, 558 U.S. at 247-48 ("Section 1255 is included in the list of determinations the Supreme Court agrees are 'substantive decisions . . . made by the Executive in the immigration context as a matter of grace' and are thus discretionary determinations."); *Hassan v. Chertoff*, 593 F.3d 785, 788-89 (9th Cir. 2010) (stating the same).

Mr. Kerur contends that § 1252(a)(2)(B)'s jurisdiction-stripping provisions apply only to removal proceedings. Dkt. No. 27 at 1, 6-16. This argument fails. Mr. Kerur's reading of the statute ignores the "regardless" clause of § 1252(a)(2)(B), and his request for review does not fall within the statutory exception permitting "review of constitutional claims or questions of law raised upon a petition for review [of an order of removal] filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D); *see also id.* § 1252(b) (requirements for petitions for review of orders of removal); *Patel*, 596 U.S. at 345-46, 362-63 (Gorsuch, J. dissenting) (both majority and dissent suggesting that § 1252(a)(2)(B)'s jurisdiction-stripping provisions are not limited to removal proceedings). As another district court recently remarked, "[e]very Court of Appeals that has considered the issue has concluded that judicial review of adjustment of status determinations made by USCIS outside of the removal context is barred." *Akinmulero v. Dep't of Homeland Sec.*, No. 20-cv-1135-RSL, 2023 WL 3058014, at *1 (W.D. Wash. Apr. 24, 2023) (citing *Abuzeid v. Mayorkas*, 62 F.4th 578 (D.C. Cir. 2023); *Britkovyy v. Mayorkas*, 60 F.4th 1024 (7th Cir. 2023); *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 22-11818, 2023 WL 2564856 (11th Cir. Mar. 20, 2023)); *see also Lee v. U.S. Citizenship & Immigr. Servs.*, 592 F.3d 612, 620 (4th Cir. 2010) (cited favorably in *Patel*, 596 U.S. at 346) ("To the extent Congress decided to permit judicial review of a constitutional or legal issue bearing upon the denial of adjustment of status, it intended for the issue to be raised to the court of appeals *during removal proceedings.*") (emphasis in original);

---

[2] While 8 U.S.C. § 1255 gives the authority to adjust status to the Attorney General, separate statutory provisions transfer this power to the Secretary of Homeland Security. *See* 6 U.S.C. § 271(b)(1); *Meza v. Renaud*, 9 F.4th 930, 932 (D.C. Cir. 2021).

1  *Hamilton v. Gonzales*, 485 F.3d 564, 566 (10th Cir. 2007). The Ninth Circuit has " assumed
2  without discussion on at least four occasions that the jurisdiction-stripping provision of
3  subparagraph (B) applies outside of the removal context." *Akinmulero*, 2023 WL 3058014, at *1
4  (citing cases). Numerous district courts, in the Ninth Circuit and in other circuits, have reached
5  the same conclusion. *See, e.g.*, *Pham v. Nat'l Benefit Ctr.*, No. 23-cv-00242 JMS-WRP, 2023 WL
6  4534475, at *1-3 (D. Haw. July 13, 2023); *Fallis v. Jaddou*, No. 22-cv-00304 (EP), 2023 WL
7  3736326, at *3-5 (D.N.J. May 31, 2023); *Garcia v. U.S. Citizenship & Immigr. Servs.*, No. 3:22-
8  cv-5984, 2023 WL 2969323, at *2 (W.D. Wash. Apr. 17, 2023); *Khakshouri v. Garland*, No. 22-
9  cv-8508 PA (MRWx), 2023 WL 3432245, at *3 (C.D. Cal. Mar. 23, 2023); *Zarrabian v. U.S.
10 Citizenship & Immigr. Servs.*, No. 21-cv-1962-LAB-MDD, 2023 WL 2375248, at *2 (S.D. Cal.
11 Mar. 6, 2023); *Chaudhari v. Mayorkas*, No. 2:22-cv-00047-RJS-CMR, 2023 WL 1822000, at *4
12 (D. Utah Feb. 8, 2023); *Fernandes v. Miller*, No. 22-cv-12335, 2023 WL 1424171, at *2-5 (E.D.
13 Mich. Jan. 31, 2023); *Boldt v. Jaddou*, 652 F. Supp. 3d 937, 940-41 (N.D. Ill. 2023); *Rabinovych
14 v. Mayorkas*, 624 F. Supp. 3d 19, 23-26 (D. Mass. 2022) (all dismissing challenges to denials of
15 adjustment of status for lack of subject matter jurisdiction).[3]

16     Mr. Kerur argues that the Court has jurisdiction under the APA to review errors of law in
17 the denial of his application. *Id.* at 16-18. The Court does not have this authority. As noted
18 above, the APA allows for judicial review of agency action except when "statutes preclude
19 judicial review." 5 U.S.C. § 701(a)(1). Here, judicial review is precluded by § 1252(a)(2)(B), and
20 thus the Court lacks jurisdiction to review the denial of Mr. Kerur's adjustment of status
21 application under the APA. *See Abuzeid*, 62 F.4th at 583 ("Consideration of appellants' APA
22 claim is foreclosed by a straightforward application of § 1252(a)(2)(B)(i)[.]"); *Britkovyy*, 60 F.4th
23 at 1028 ("[Section] 1252(a)(2)(B)(i) is an immigration-specific jurisdictional limitation that
24 trumps the APA's general grant of judicial review and deprives the federal courts of jurisdiction

---

[3] As Mr. Kerur observes, a single district court in the Western District of Washington has held that § 1252(a)(2)(B)'s jurisdiction-stripping provisions do not apply outside of removal proceedings. *See Hernandez v. U.S. Citizenship & Immigr. Servs.*, 643 F. Supp. 3d 1193, 1199 (W.D. Wash. 2022). The Court does not find this decision persuasive.

over this case.").

In view of the clear language of the statute, and the great weight of authority, the Court concludes that it lacks subject matter jurisdiction to review USCIS's denial of Mr. Kerur's application for adjustment of status.

Mr. Kerur argues that even if the Court lacks subject matter jurisdiction by operation of § 1252(a)(2)(B), the Court nevertheless has jurisdiction to decide his due process claim. Dkt. No. 25 at 18-20. The Court disagrees. To the extent that Mr. Kerur raises a colorable constitutional claim, judicial review of constitutional claims must be "raised upon a petition for review [of an order of removal] filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D); *Patel*, 596 U.S. at 345 ("[S]ubparagraph (D) preserves review of legal and constitutional questions only when raised in a petition for review of a final order of removal."); *see also Herrera v. Garland*, No. 21-17052, 2022 WL 17101156, at *1 (9th Cir. Nov. 22, 2022) (district court lacked jurisdiction to hear plaintiff's due process claim under § 1252(a)(2)(D)). And no authority permits this Court to "retain jurisdiction over this case while Plaintiff attempts to file a petition for review with the US. Court of Appeals for the Ninth Circuit," as Mr. Kerur suggests. *See* Dkt. No. 27 at 20.

## IV.   CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction is granted, and Mr. Kerur's complaint is dismissed without prejudice. *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022) ("Dismissals for lack of jurisdiction should be without prejudice.") (cleaned up); Fed. R. Civ. P. 41(b) (stating that dismissals for lack of jurisdiction do not "operate[] as an adjudication on the merits).

The Clerk of Court shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: March 7, 2024

*(signature)*
VIRGINIA K. DEMARCHI
United States Magistrate Judge